IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BURGO | : | CIVIL ACTION |
| v. | : | NO. 23-3187 |
| BOULEVARD AUTOGROUP, LLC | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 2nd day of April 2024, upon considering Plaintiff's Motion *in limine* to admit evidence of the 2010 tax fraud conviction of identified witness Gary Barbera for impeachment purposes (ECF No. 52), Defendant's Opposition (ECF No. 65), and finding good cause after studying the probative value of the conviction given disputed fundamental facts about whether Gary Barbera made ageist statements to Plaintiff from 2018–2020, Gary Barbera's role in the dealership, and his credibility as to whether Plaintiff quit during or after a June 22, 2020 meeting substantially outweighs the prejudicial effect of a 2010 conviction after applying the factors under Federal Rule 609 and mindful the prejudice is further mitigated by the Defendant's ability to call two other witnesses who may support Mr. Barbera's testimony at least as to the June 22, 2020 meeting, it is **ORDERED** Plaintiff's Motion (ECF No. 52) is **GRANTED** to allow Plaintiff to impeach Gary Barbera with questions confirming the conviction and sentence if he denies the crime and sentence represented in the 2010 conviction but not introduce the underlying facts.

### *Analysis*

Boulevard Autogroup, LLC rehired Michael Burgo (then in his mid-sixties) in 2018 as a dealership manager for its car dealership responsible for managing approximately 100 persons. Mr. Burgo left his employment as a sixty-seven-year-old man on June 22, 2020. Michael Burgo

proceeds to trial next week claiming his former employer Boulevard Autogroup's alter ego and de facto owner Gary Barbera created an age-based hostile work environment including through several identified ageist comments and then fired him because of his age on June 22, 2020.

Both parties identified Gary Barbera as a central witness. Mr. Burgo identified Gary Barbera as a witness he intends to call on cross to swear as to, among other things, his role and responsibilities; specific age discriminatory comments; circumstances of Mr. Burgo's separation from employment on June 22, 2020; and events relating to Mr. Burgo's job status following the June 22, 2020 separation.[1] Boulevard Autogroup also identified Gary Barbera as a marketing and Barbera Cares Manager who will swear to a much different fact scenario. Boulevard Autogroup represents Mr. Barbera will testify about, among other things: his limited role (rather than de facto owner and alter ego); Mr. Burgo quit his dealership manager role during a June 22, 2020 meeting; Mr. Barbera was not angry at the June 22, 2020 meeting; and, Mr. Barbera never made ageist remarks attributed to him other than "teaching an old dog new tricks" in a "joking manner."[2] Boulevard Autogroup identifies other witnesses working at the car dealership who will buttress Mr. Barbera's testimony to the extent allowed under Rule 611 including as to the events during the June 22, 2020 meeting.[3]

The jury will need to decide several issues including whether Gary Barbera made ageist statements and the witnesses' conduct during and after the June 22, 2020 meeting. We denied

---

[1] ECF No. 32 at 6.

[2] ECF No. 33 at 5.

[3] *Id.* at 6–10.

2

summary judgment finding genuine issues of material fact given the widely disparate facts adduced in discovery and expected to be sworn to our jury.[4]

### Gary Barbera's 2010 felony conviction

Mr. Burgo moves to admit a November 5, 2010 criminal conviction of Gary Barbera to impeach his credibility.[5] Judge DuBois accepted Mr. Barbera's plea of filing false tax returns for calendar years 2003 and 2004 under section 7206(1) of Title 26 of the United States Code. Judge DuBois sentenced Mr. Barbera to three years of probation with the first twelve months in home detention with electronic monitoring which permitted him to leave his home for, among other things, to "operate his automobile dealership."[6] Judge DuBois further ordered Mr. Barbera to pay criminal monetary penalties of $30,000 in fines and $119,744.55 in restitution to the Internal Revenue Service.[7]

### We admit the conviction and sentence under Rule 609.

Congress through Federal Rule of Evidence 609 allows litigants to admit evidence of a witness's criminal conviction for impeachment purposes.[8] Congress grants judges the authority to generally admit the witness's underlying conviction when its elements include proving a dishonest act or false statement by the witness.[9] Our colleagues consider section 7206(1)

---

[4] ECF No. 31.

[5] ECF Nos. 52, 52-2.

[6] ECF No. 52-2 at 4.

[7] *Id.* at 5.

[8] Fed. R. Evid. 609.

[9] Fed. R. Evid. 609(a)(2). The Conference Committee Notes to Federal Rule of Evidence 609 state: "By the phrase 'dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false

3

convictions as crimes involving a dishonest act or false statement.[10] This tax fraud conviction would be admissible without further analysis if more recent.

But we are addressing whether Mr. Burgo can use a 2010 tax fraud conviction for conduct from several years earlier. We face different issues with a potentially stale conviction used to impeach Mr. Barbera relating to his conduct eight to ten years after he admitted being a fraud felon. We review consistent with Rule 403 if the underlying conviction occurred more than ten years before the testimony. Mr. Burgo must show the 2010 conviction's probative value substantially outweighs the older conviction's prejudicial effect after giving Mr. Barbera reasonable written notice.[11] Before admitting a conviction greater than ten years old we consider (1) the type of crime involved; (2) when the conviction occurred; (3) the importance of the witness's testimony; and (4) the similarity of the conviction to the instant matter.[12] Our colleagues admit crimen falsi convictions up to fourteen years old if the witness's testimony is "of paramount importance" to the case.[13]

---

pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of decit [sic], untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." H.R. CONF. REP. NO. 93-1597, at 7103 (1974).

[10] *United States v. Lewis*, No. 07-258, 2009 WL 1307458, at *18 (W.D. Pa. May 8, 2009) ("Given that Defendant admitted to wilfully [sic] subscribing to a false tax return, the Court finds that Defendant's prior conviction for filing a false tax return in violation of 26 U.S.C. § 7206(1) constitutes a crimen falsi crime."); *United States v. Little*, No. 08-244, 2012 WL 2563796, at *7 (N.D. Cal. June 28, 2012) (holding a section 7206(1) conviction is "clearly admissible as a crime of dishonesty" under Rule 609(a)(2)); *United States v. Swan*, No. 12-27, 2013 WL 4806611, at *5 (D. Me. Sept. 9, 2013) ("the convictions for tax fraud and false statements, 26 U.S.C. § 7206(1), . . . are convictions under Rule 609(a)(2) in which an element of each crime is a dishonest act or false statement.").

[11] Fed. R. Evid. 609(b)(1), 609(b)(2).

[12] *Perez v. Lloyd Indus., Inc.*, No. 16-1079, 2019 WL 9584403, at *4 (E.D. Pa. Mar. 26, 2019).

[13] *Id.* at *5.

4

We begin with Mr. Barbera's 2010 tax fraud conviction as a crimen falsi requiring proof of a dishonest act or false statement under Rule 609(a)(2).[14] The conviction is available to use for impeachment subject to our finding the probative value substantially outweighs the 2010 conviction's prejudicial effect on Boulevard Autogroup.

We find admitting Mr. Barbera's 2010 tax fraud conviction substantially outweighs its prejudicial effect as to central witness Mr. Barbera's credibility. The first 609(b) factor weighs in favor of admission as Mr. Barbera's conviction for tax fraud is highly probative because it is a crimen falsi. Mr. Burgo plans to adduce evidence Mr. Barbera acted as Mr. Burgo's supervisor and created an age-based hostile work environment with several identified ageist comments directed toward Mr. Burgo. Mr. Burgo's age-based hostile work environment claim is a fact dispute for a jury to decide.[15] The second and third factors support admission because Mr. Barbera's testimony is of paramount importance to the jury's principal role of evaluating credibility of two widely disparate recollections of Mr. Barbera's and Mr. Burgo's actions. Mr. Barbera is an essential witness for both parties. We find the probative value of his tax fraud conviction substantially outweighs the prejudicial effect of allowing Mr. Burgo to impeach Mr. Barbera using the 2010 conviction. The fourth factor weighs in favor of admission as Mr. Barbera's tax fraud conviction is not like the allegedly ageist remarks to Mr. Burgo at issue before the jury.[16]

---

[14] *See Lewis*, 2009 WL 1307458, at *18.

[15] *See* ECF No. 31 at 2.

[16] *See Johnson v. Keystone Quality Transp. Co.*, No. 16-6603, 2018 WL 723091, at *3 (E.D. Pa. Feb. 6, 2018).

Mr. Barbera's 2010 tax fraud conviction directly relates to his credibility as a witness concerning a triable fact. Boulevard Autogroup is not suffering the kind of extreme prejudice which may otherwise give us pause. It identified at least two other dealership employees who it expects will support Mr. Barbera's version of the encounters. Boulevard Autogroup is straining to claim prejudice to it from Mr. Barbera's conviction (given its other witnesses) and then trying to persuade a jury Mr. Barbera has some type of discounted minor role focusing on marketing and company culture.

We grant Mr. Burgo's Motion *in limine* allowing him to impeach Mr. Barbera with the date, crime, and sentence arising from his 2010 criminal tax fraud conviction for impeachment purposes should he deny the crime and conviction but will not admit the underlying criminal documents offered solely as impeachment.

_____
KEARNEY, J.