**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL BURGO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-3187** |
| | : | |
| **BOULEVARD AUTOGROUP, LLC** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                          **July 31, 2024**

Longtime successful car salesman and dealership manager Michael Burgo sued his former employer car dealer Boulevard Autogroup, LLC alleging discrimination and hostile work environment based on his age after he walked out of a meeting believing his boss Gary Barbera repeatedly subjected him to daily harassment because of his age. The jury found the car dealership did not fire Mr. Burgo and so he could not succeed on an age discrimination claim. But the jury found ample evidence adduced during the three-day trial of the car dealership creating a hostile work environment based on age. The jury awarded Mr. Burgo $625,000.01 in compensatory damages on the hostile work environment claim under Pennsylvania Law.

The car dealership now moves for judgment as a matter of law on the hostile work environment claim, a new trial, and for remittitur on the damages. We studied the car dealership's arguments based almost entirely on challenging the import of the adduced evidence to the jury and then arguing we erred in granting its requested jury interrogatory as to Gary Barbera's role in the dealership. We find no basis to upset the jury's verdict, order a new trial, or reduce the jury's calculation of compensatory damages. We deny the car dealership's motion.

I.      **Evidence adduced at trial.**

Michael Burgo worked in the automobile industry since the late-1970s.[1] Mr. Burgo worked as the general manager of Gary Barbera's Autoland for ten years beginning in 2000.[2] Mr. Burgo reported to Gary Barbera while working at Gary Barbera's Autoland.[3] He left Gary Barbera and his auto dealership voluntarily in 2010 to open another dealership.[4] Mr. Burgo got along well with Eugene and Gary Barbera during his ten-year tenure at Gary Barbera's Autoland.[5]

### *Gary Barbera's role at Boulevard Autogroup*

Eugene and Gary Barbera each owned part of Boulevard Autogroup.[6] Boulevard Autogroup's payroll sheets referred to Gary Barbera as the President of Boulevard Autogroup.[7] Gary Barbera's office is six or seven times larger than Gene Barbera.[8] Gary Barbera twice swore he owned Boulevard Autogroup.[9]

Gary Barbera ran Boulevard Autogroup's charitable arm Barbera Cares.[10] Gary Barbera also ran Boulevard Autogroup's marketing department.[11] Gary Barbera described himself as the face of Boulevard Autogroup.[12] Mr. Barbera possesses hiring and firing authority at Boulevard Autogroup.[13]

Gary Barbera also ran Boulevard Autogroup's Culture Club.[14] Mr. Barbera held Culture Club meetings at 8:00 a.m. on Mondays.[15] Mr. Barbera showed videos geared towards driving the dealership's sales and marketing arms during the Culture Club meetings.[16] Culture Club meetings typically included review of the dealership's marketing efforts and its charitable arm.[17]

### *Mr. Burgo's tenure at Boulevard Autogroup before suffering a heart attack*

Gary Barbera offered Mr. Burgo the general manager position at Boulevard Autogroup in 2018.[18] Gary Barbera wanted Mr. Burgo to come back to help Gary run the dealership.[19] Mr.

Burgo interviewed with Gary Barbera's brother Eugene Barbera. Mr. Burgo began working at Boulevard Autogroup in March 2018.[20] Mr. Burgo assumed the general manager position at Boulevard Autogroup at sixty-five years old.[21]

Mr. Burgo signed a document concerning anti-discrimination policies when Boulevard Autogroup re-hired him.[22] The document outlined anti-discrimination policies, including an anti-age-discrimination policy, at Tom Hessert's car dealerships and Boulevard Autogroup.[23] Boulevard Autogroup required its employees to report prohibited discrimination or harassment to the dealership's general manager.[24] The policy did not instruct what action the general manager should take after learning about discrimination at Boulevard Autogroup.[25] The policy did not mention Boulevard Autogroup's human resources department.[26]

Mr. Burgo served as general manager of Boulevard Autogroup and supervised the sales department, finance department, used car department, and the detail and service departments.[27] The department heads reported to Mr. Burgo.[28] Mr. Burgo reported to Gary Barbera and Mr. Burgo considered Mr. Barbera his supervisor because Gary Barbera signed off on all decisions affecting Boulevard Autogroup.[29] Gary Barbera told Mr. Burgo he, and not Mr. Burgo, served as Boulevard Autogroup's boss.[30] Mr. Barbera swore he served as Mr. Burgo's immediate supervisor.[31] Mr. Burgo testified he and Gary Barbera were happy during the first few months of Mr. Burgo's employment.[32]

Mr. Barbera began directing age-related comments at Mr. Burgo four months into Mr. Burgo's employment at Boulevard Autogroup.[33] Mr. Barbera told Mr. Burgo "young people wanted [it] more" and "you can't teach an old dog new tricks."[34] Mr. Barbera did not yet direct these age-related comments at Mr. Burgo daily.[35] Mr. Barbera directed these age-related comments at Mr. Burgo between seven and ten times per month.[36] Mr. Barbera's comments

humiliated and offended Mr. Burgo.[37] Mr. Barbera began directing age-related comments at Mr. Burgo daily during Mr. Burgo's sixth, seventh, and eighth months of employment at Boulevard Autogroup.[38]

### *Mr. Burgo suffers a heart attack.*

Mr. Burgo suffered a heart attack in June 2019 after approximately fifteen months as the general manager.[39] Mr. Burgo remained out of work for twenty-eight days following his heart attack.[40]

Mr. Barbera directed age-related comments at Mr. Burgo at an increased rate following Mr. Burgo's heart attack.[41] Mr. Barbera told Mr. Burgo "you can't teach an old dog new tricks," "young people wanted [it] more," Mr. Burgo had friends in the automobile industry "from 58 years ago," and Mr. Burgo's "best days were behind [him]."[42] The comments embarrassed Mr. Burgo.[43] Mr. Barbera directed these comments at Mr. Burgo with regularity and Mr. Burgo felt like Mr. Barbera followed him around the dealership to insult Mr. Burgo.[44] Mr. Barbera called Mr. Burgo an "old dog" and implied Mr. Burgo's memory was fading because Mr. Burgo took notes during meetings.[45]

Mr. Barbera directed age-related comments at Mr. Burgo on the showroom floor, in Mr. Burgo's office, and during sales meetings.[46] The comments offended Mr. Burgo and Mr. Burgo felt he had to endure Mr. Barbera's age-related comments because he is the family's sole financial provider.[47] Mr. Barbera admitted telling Mr. Burgo "you can't teach an old dog new tricks[.]"[48] Mr. Barbera admitted calling and considering Mr. Burgo a "dinosaur."[49]

Mr. Burgo did not complain to senior Boulevard Autogroup employees about Mr. Barbera's comments because Mr. Barbera "[was] the only person above [Mr. Burgo]."[50] Mr. Burgo did not complain to Gary's brother and co-owner of Boulevard Autogroup, Eugene

4

Barbera, because Mr. Burgo assumed Eugene Barbera would side with Gary Barbera.[51] Mr. Burgo did not complain to Boulevard Autogroup's chief financial officer because he did not supervise Mr. Burgo.[52] Mr. Burgo felt threatened by Mr. Barbera's comments and feared he could lose his job.[53]

### *Mr. Burgo documents 2020 age discrimination in his notebook.*

Mr. Burgo began documenting Mr. Barbera's age-related comments in February 2020 because Mr. Burgo felt he could not complain to other Boulevard Autogroup employees.[54]

Mr. Burgo documented two age-related comments Mr. Barbera directed at him on February 28, 2020 and March 2, 2020.[55] Mr. Burgo documented Mr. Barbera screaming at Mr. Burgo to not take notes during meetings and instructing Mr. Burgo to know dealership issues offhand.[56] Mr. Burgo documented Mr. Barbera singling Mr. Burgo out for wearing a sweater.[57] Mr. Burgo documented Mr. Barbera accusing Mr. Burgo of not understanding how to use his personal computer.[58] Mr. Burgo documented Mr. Barbera entering Mr. Burgo's office while Mr. Burgo spoke on the telephone with a customer and Mr. Barbera screaming at Mr. Burgo repeatedly to hang up the phone.[59] Mr. Burgo testified Mr. Barbera interrupted Mr. Burgo's client telephone calls more than once.[60]

Mr. Burgo suffered "constant abuse" from Mr. Barbera between March 2020 and June 2020.[61] Mr. Barbera told Mr. Burgo "[y]ou can't teach an old dog new tricks," "[y]oung people want it more[,]" and "[Mr. Burgo's] best days are behind [Mr. Burgo]."[62] Mr. Barbera told Mr. Burgo "[y]ou're getting old fast[.]"[63]

### *June 22, 2020 Culture Club meeting*

Mr. Barbera presided over his weekly Culture Club meeting before the June 22, 2020 workday.[64] One Boulevard Autogroup employee did not attend the June 22 Culture Club

meeting.[65] Mr. Barbera asked Mr. Burgo where the missing employee was.[66] Mr. Burgo explained the missing employee was on vacation and Mr. Burgo "believe[d] [the missing employee would be] back on Tuesday."[67] Mr. Barbera responded to Mr. Burgo "[y]ou can't think, you can't think, you've got to know, you've got to know."[68] Mr. Barbera screamed the same and hit his chest.[69] Mr. Barbera told Mr. Burgo he acted insubordinately and instructed Steve to "take Burgo home."[70] Mr. Burgo thought Steve served as Mr. Barbera's bodyguard or security guard.[71]

Mr. Burgo understood Mr. Barbera's instructing Steve to take away Mr. Burgo's dealership-provided vehicle or driving Mr. Burgo home as Mr. Barbera firing Mr. Burgo.[72] Mr. Barbera thought Mr. Burgo was walking out of the dealership and offered Mr. Burgo a ride home.[73] Mr. Burgo told Mr. Barbera he would eventually be the only person remaining at Boulevard Autogroup because Mr. Barbera treated his staff poorly.[74] Mr. Barbera thought Mr. Burgo quit after Mr. Burgo walked out of the dealership on June 22, 2020.[75] Mr. Burgo took several belongings from his office after the June 22, 2020 meeting.[76] Boulevard Autogroup employee Steve brought the remaining items from Mr. Burgo's office to Mr. Burgo's home several days after the June 22, 2020 meeting.[77]

Mr. Burgo felt like a "beaten down dog" leading up to the June 22, 2020 meeting.[78] Mr. Burgo felt Mr. Barbera's actions during the June 22, 2020 meeting amounted to "embarrass[ing] [Mr. Burgo] in front of the whole company."[79]

### *Boulevard Autogroup employees observe Mr. Barbera's age-related comments.*[80]

Former Boulevard Autogroup sales associate Brian Gutierrez reported to Mr. Burgo during Mr. Burgo's tenure at the dealership.[81] Mr. Gutierrez observed Mr. Barbera tell Mr. Burgo he wore outdated clothes and chide Mr. Burgo for writing notes during meetings.[82] Mr.

Gutierrez observed Mr. Barbera direct the phrase "[you can't] [t]each[] an old dog new tricks" at Mr. Burgo in front of other employees during a meeting.[83] Mr. Gutierrez observed Mr. Barbera direct the "old dog new tricks" phrase at Mr. Burgo three or four times.[84] Mr. Gutierrez observed Mr. Barbera tell Mr. Burgo "[y]our best days are behind you" once or twice.[85] Mr. Gutierrez observed Mr. Barbera tell Mr. Burgo "[y]ou're losing your memory" twice.[86] Mr. Gutierrez observed Mr. Barbera regularly call Mr. Burgo an "old timer."[87] Mr. Gutierrez noted Mr. Barbera directed age-related comments at Mr. Burgo with greater frequency before the June 22, 2020 meeting.[88]

Mr. Gutierrez swore Mr. Burgo looked upset during or after enduring Mr. Barbera's age-based comments.[89] Mr. Gutierrez swore we would "probably do something drastic" if he had to endure the same comments Mr. Burgo endured from Mr. Barbera.[90]

## II.     The parties dispute and then agree on Boulevard Autogroup's suggested jury interrogatory on Mr. Barbera's role.

The parties proceeded to trial. We held a charging conference on the third day of trial to review the jury instructions and verdict sheet.[91] Mr. Burgo's counsel asked if the question whether Gary Barbera is a proxy for Boulevard Autogroup or supervised Mr. Burgo should be split into two separate jury interrogatories.[92] Mr. Burgo's counsel argued Boulevard Autogroup could not invoke the *Faragher*/*Ellerth* defense if Mr. Barbera operated as Boulevard Autogroup's proxy but could invoke the defense if Mr. Barbera operated as Mr. Burgo's supervisor but not Boulevard Autogroup's proxy.[93] Boulevard Autogroup's counsel argued Boulevard Autogroup cannot invoke the *Faragher*/*Ellerth* defense if Mr. Barbera is Boulevard Autogroup's proxy *or* Mr. Burgo's supervisor.[94]

We cautioned counsel for Boulevard Autogroup explaining a jury interrogatory charging whether Mr. Barbera served as a proxy *or* supervisor would prevent Boulevard Autogroup from

asserting the *Faragher*/*Ellerth* defense.[95] Boulevard Autogroup's counsel responded Boulevard Autogroup could not assert the *Faragher*/*Ellerth* defense if the jury found Mr. Barbera operated as a proxy **or** a supervisor.[96] Boulevard Autogroup's counsel then reiterated the jury need only find Mr. Barbera operated as Boulevard Autogroup's proxy **or** Mr. Burgo's supervisor to foreclose Boulevard Autogroup from asserting the *Faragher*/*Ellerth* defense.[97]

Mr. Burgo's counsel again asked us to separate the jury interrogatories on whether Mr. Barbera operated as Boulevard Autogroup's proxy or Mr. Burgo's supervisor.[98] Boulevard Autogroup's counsel again disagreed.[99] Mr. Burgo's counsel asked if Boulevard Autogroup conceded if the jury found Mr. Barbera served as Mr. Burgo's supervisor Boulevard Autogroup could not assert the *Faragher*/*Ellerth* defense.[100] Boulevard Autogroup's counsel then unequivocally conceded Boulevard Autogroup could not assert the *Faragher*/*Ellerth* defense if the jury found Mr. Barbera served as Mr. Burgo's supervisor.[101] We <u>again</u> asked the parties if they agreed to a jury interrogatory asking whether Mr. Burgo proved Mr. Barbera operated as Boulevard Autogroup's proxy **or** Mr. Burgo's supervisor as suggested by Boulevard Autogroup.[102] Boulevard Autogroup agreed.[103]

### III.    Analysis

Boulevard Autogroup now moves for judgment as a matter of law on the hostile work environment claim arguing Mr. Burgo did not present sufficient evidence for the jury to find Mr. Burgo was subjected to a hostile work environment based on his age and to support a compensatory damages award.[104] Boulevard Autogroup alternatively moves for a new trial arguing (1) Mr. Burgo did not adduce sufficient evidence for the jury to find he suffered a hostile work environment, (2) Mr. Burgo did not adduce evidence demonstrating Gary Barbera operated as a proxy for Boulevard Autogroup thereby permitting Boulevard Autogroup to assert the

*Faragher/Ellerth* defense, (3) our verdict sheet (but not the jury instructions) contained a confusing question failing to distinguish between a supervisor and a proxy for purposes of the *Faragher/Ellerth* defense, and (4) Mr. Burgo did not adduce sufficient evidence to support the $625,000.01 compensatory damage award.[105]   Boulevard Autogroup alternatively moves for remittitur of the jury's $625,000.01 award arguing Mr. Burgo did not suffer significant psychological harm from the alleged hostile work environment.[106]

Mr. Burgo counters he adduced sufficient evidence Boulevard Autogroup subjected him to severe or pervasive age-based harassment, the suffered harassment offended Mr. Burgo and would offend a reasonable person in Mr. Burgo's shoes.[107] Mr. Burgo argues Boulevard Autogroup is not entitled to a new trial because (1) Boulevard Autogroup waived its challenge to the jury interrogatory because Boulevard Autogroup did not properly object to the verdict sheet during the charging conference and instead repeatedly requested the now-challenged jury interrogatory conflate the roles of proxy and supervisor, (2) the jury received the proper instruction on the *Faragher/Ellerth* defense, and (3) Mr. Burgo adduced sufficient evidence for the jury to find Mr. Barbera operated as Boulevard Autogroup's proxy or supervisor.[108] Mr. Burgo argues Boulevard Autogroup is not entitled to a remittitur because Mr. Burgo adduced compelling evidence of emotional distress and other judges reviewing similar evidence of an age-based hostile work environment refuse to grant a remittitur.[109]

We deny Boulevard Autogroup judgment as a matter of law and find Mr. Burgo adduced evidence sufficient for the jury to conclude he suffered an age-based hostile work environment and Mr. Burgo adduced evidence sufficient to support the jury's compensatory damage award. We deny Boulevard Autogroup's Motion for a new trial and find Mr. Burgo adduced evidence sufficient for the jury to conclude Mr. Barbera operated as either Boulevard Autogroup's proxy

or Mr. Burgo's supervisor and Boulevard Autogroup unequivocally (after extended discussion) waived its challenge to the jury verdict sheet. We deny Boulevard Autogroup's Motion for denial of a new trial on the condition of remittitur because the jury's compensatory damage award is not unreasonable considering the adduced evidence.

### A. Mr. Burgo adduced sufficient evidence for the jury to find he suffered from an age-based hostile work environment.

Judgment as a matter of law "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability."[110] The trial record must be "critically deficient of the minimum quantum of evidence to sustain the verdict" for us to grant a motion for judgment as a matter of law.[111] But more than a "scintilla of evidence" is required to sustain a jury's verdict.[112] We do not weig[h] the evidence, determin[e] the credibility of witnesses, or substitut[e] our own version of the facts for that of the jury" when considering a Motion for judgment as a matter of law under Rule 50.[113]

A plaintiff alleging an age-based hostile work environment must prove (1) he "suffered intentional discrimination because of [his] age; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected [him]; (4) the harassment would detrimentally affect a reasonable person in that position; and (5) respondeat superior liability."[114]

Boulevard Autogroup argues (echoing its closing argument to the jury) Mr. Burgo did not adduce sufficient evidence demonstrating he suffered from an age-based hostile work environment.[115] Boulevard Autogroup argues the evidence adduced at trial demonstrates Mr. Barbera treated all employees similarly.[116] Boulevard Autogroup argues Mr. Barbera's age-based comments directed at Mr. Burgo were not severe because they amounted to harmless jokes.[117] Boulevard Autogroup argues Mr. Barbera's age-based comments directed at Mr. Burgo were not

pervasive because Mr. Barbera did not direct them at Mr. Burgo on a regular basis and the comments did not affect Mr. Burgo's performance at the dealership.[118] Boulevard Autogroup argues Mr. Burgo exhibited unreasonable sensitivity to Mr. Barbera's comments and did not adduce evidence a person in Mr. Burgo's shoes would be offended by Mr. Barbera's comments.[119]

Mr. Burgo counters he adduced evidence Mr. Barbera directed facially age-based discriminatory comments at Mr. Burgo and another employee corroborated Mr. Barbera's comments.[120] Mr. Burgo counters he adduced sufficient evidence for the jury to find Mr. Barbera's comments were pervasive because Mr. Burgo testified Mr. Barbera directed the age-based comments at Mr. Burgo on a regular and almost daily basis.[121] Mr. Burgo counters Mr. Barbera's age-based comments were severe because of their frequency and their effect on Mr. Burgo's self-esteem and Mr. Burgo's sense of job security.[122] Mr. Burgo counters he adduced evidence demonstrating he considered Mr. Barbera's comments subjectively offensive.[123] Mr. Burgo counters Mr. Barbera did not adduce evidence he subjected all employees to age discriminatory behavior.[124]

The parties offer fair arguments. And they did to the jury.  Our test today is not the same as the jury's test months ago.  Mr. Burgo adduced evidence sufficient for the jury to find he suffered from an age-based hostile work environment. Mr. Burgo adduced evidence Mr. Burgo suffered intentional discrimination because Mr. Barbera directed age-based comments at Mr. Burgo. Mr. Burgo adduced evidence sufficient for the jury to find he suffered from pervasive age discrimination because Mr. Barbera directed age-based comments at Mr. Burgo regularly if not daily. Mr. Burgo adduced evidence sufficient for the jury to find Mr. Barbera's age-based comments negatively affected Mr. Burgo because Mr. Burgo adduced testimony detailing his

diminished self-esteem following Mr. Barbera's comments. Mr. Burgo adduced evidence sufficient for the jury to find Mr. Barbera's age-based comments would have negatively affected a reasonable person in Mr. Burgo's shoes because Mr. Burgo adduced testimony from another Boulevard Autogroup employee stating he would have lashed out at Mr. Barbera had the Boulevard Autogroup employee been subjected to Mr. Barbera's discriminatory conduct.

### i. Mr. Burgo adduced sufficient evidence for the jury to find Mr. Barbera subjected him to intentional discrimination because of Mr. Burgo's age.

Boulevard Autogroup argues Mr. Burgo did not present sufficient evidence for the jury to find Mr. Barbera intentionally discriminated against Mr. Burgo because of Mr. Burgo's age other than using the word "old" in Mr. Barbera's comment "old dog new tricks."[125] Boulevard Autogroup further argues Mr. Burgo's failure to adduce evidence Mr. Barbera subjected other employees over forty years old to discrimination requires we disrupt the jury's age-based hostile work environment verdict.[126] Mr. Burgo counters Mr. Barbera's comments like "young people want it more," "you can't teach an old dog new tricks," "your best days are behind you," "you're getting old fast," "old timer," "old dog" and Mr. Barbera's comments questioning Mr. Burgo's memory are facially age-discriminatory remarks constituting intentional discrimination against Mr. Burgo because of his age.[127] We find Mr. Burgo adduced sufficient evidence for the jury to find Mr. Barbera subjected Mr. Burgo to a hostile work environment on the basis of Mr. Burgo's age.

Our Court of Appeals instructs an employee advancing an age-based hostile work environment must adduce evidence he suffered the intentional discrimination "because of" his age.[128]

Mr. Burgo adduced sufficient evidence to support the jury's finding he suffered intentional discrimination because of his age. Mr. Barbera directed facially discriminatory comments at Mr. Burgo about Mr. Burgo's age. Mr. Barbera labeled Mr. Burgo an "old dog" and remarked "you can't teach an old dog new tricks."[129] Mr. Barbera called Mr. Burgo a "dinosaur."[130] Mr. Barbera told Mr. Burgo "[y]ou're getting old fast[.]"[131] Mr. Barbera told Mr. Burgo his "best days [were] behind [Mr. Burgo]."[132] These comments concern Mr. Burgo's age. There is no other way to interpret Mr. Barbera's comments. Boulevard Autogroup's argument concerning Mr. Barbera's failure to comment on Mr. Burgo's numerical age or failure to include the term "old" in Mr. Barbera's comments to Mr. Burgo is unavailing. Calling an employee old, comparing them to a prehistoric being, and suggesting the employee aged out of the employee's best working years is sufficient evidence for the jury to find Mr. Burgo suffered intentional discrimination because of his age.

Mr. Barbera also directed less facially discriminatory comments at Mr. Burgo still pertaining to Mr. Burgo's age. Mr. Barbera told Mr. Burgo "young people wanted [it] more."[133] Mr. Barbera remarked Mr. Burgo had friends in the automobile industry "from 58 years ago."[134] Mr. Barbera suggested Mr. Burgo's memory worsened because Mr. Burgo took notes during meetings.[135] Negatively comparing Mr. Burgo's drive with those of younger employees, remarking on Mr. Burgo's long relationships with individuals in the automobile industry, and intimating Mr. Burgo's memory faded constitute comments about Mr. Burgo's age. Mr. Burgo adduced sufficient evidence allowing the jury to conclude he suffered intentional discrimination based on his age.

> ii. **Mr. Burgo adduced sufficient evidence for the jury to find Mr. Barbera subjected Mr. Burgo to pervasive harassment based on Mr. Burgo's age.**

Boulevard Autogroup argues Mr. Burgo did not adduce evidence Mr. Barbera subjected Mr. Burgo to severe age-based discrimination because Mr. Barbera did not physically threaten Mr. Burgo through Mr. Barbera's non-profane, non-venomous comments.[136] Boulevard Autogroup argues Mr. Burgo did not adduce evidence Mr. Barbera subjected Mr. Burgo to pervasive age-based discrimination because Mr. Barbera did not regularly direct age-based comments at Mr. Burgo and Mr. Barbera's treatment of Mr. Burgo did not affect Mr. Burgo's job performance at Boulevard Autogroup.[137] Mr. Burgo counters he suffered severe age-based discrimination because Mr. Barbera's harassment included physical aggression by grabbing the phone from Mr. Burgo's hand and physically intimidating Mr. Burgo during the June 22, 2020 Culture Club meeting.[138] Mr. Burgo counters he suffered pervasive age-based discrimination because Mr. Barbera regularly directed age-based comments at Mr. Burgo during Mr. Burgo's tenure at Boulevard Autogroup.[139] We find Mr. Burgo adduced sufficient evidence for the jury to find he suffered pervasive age-based discrimination because Mr. Barbera regularly directed age-based insults at Mr. Burgo, Mr. Burgo felt physically intimidated by Mr. Barbera's actions, and Mr. Burgo feared he would be fired from Boulevard Autogroup.

An employee alleging an age-based hostile work environment claim must adduce evidence the intentional discrimination suffered is severe or pervasive.[140] Severe or pervasive conduct alters the conditions of the employee's employment and creates an abusive work environment.[141] Our Court of Appeals instructs the jury must "look[] at all the circumstances" of the intentional age-based discrimination and consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an employee's work performance."[142] The complained-of conduct must be more than offhanded comments and isolated incidents.[143]

We are guided by Judge Kelly considering less frequent instances of intentional discrimination and finding the employee adduced sufficient evidence for the jury to find she suffered pervasive age-based discrimination.[144] The employee in *Briggs* adduced evidence the doctor for whom she worked twice raised his voice and yelled degrading things at her in their office.[145] The employee testified the comments caused her embarrassment and made her afraid of the doctor.[146] Neither instance included age-based discriminatory comments.[147] The employee adduced evidence the doctor told her women of the employee's age in China are "put out to pasture."[148] The employee adduced evidence she complained to the employer's in-house counsel after "a week of unrelating bullying" she suffered from the doctor.[149] Judge Kelly denied the employer judgment as a matter of law finding the employee adduced evidence she suffered pervasive age-based discrimination.[150] Judge Kelly reasoned the employee adduced evidence she suffered greater than offhand comments and isolated incidents.[151]

Mr. Burgo adduced evidence he suffered more frequent age-based comments and discrimination than did the employee in *Briggs*. Mr. Burgo adduced evidence Mr. Barbera started directing age-based comments at Mr. Burgo four months into Mr. Burgo's employment.[152] Mr. Barbera initially directed age-based comments at Mr. Burgo seven to ten times per month.[153] Mr. Barbera increased the frequency with which he directed age-based comments at Mr. Burgo to daily in the succeeding months.[154] Mr. Barbera continued directing age-based comments at Mr. Burgo daily following Mr. Burgo's heart attack.[155] Mr. Burgo testified he felt Mr. Barbera followed Mr. Burgo around the dealership just to insult Mr. Burgo.[156] Mr. Barbera directed age-based comments at Mr. Burgo both privately and in front of other employees during meetings.[157]

Mr. Burgo described the frequency with which Mr. Barbera directed age-based comments as "constant abuse" leading up to the June 22, 2020 Culture Club meeting.[158] Mr. Burgo adduced evidence a former Boulevard Autogroup employee witnessed Mr. Barbera direct specific age-based comments like "old dog new tricks," "[Mr. Burgo's] best days are behind [him]" and Mr. Burgo was "losing [his] memory" between six and eight times.[159] Mr. Burgo adduced evidence he felt threatened by Mr. Barbera's age-based comments and Mr. Burgo feared he could lose his job.[160]

Mr. Burgo's suffering regular if not daily abuse for several months constitutes a greater frequency of age-based discrimination than the evidence the jury considered in *Briggs* and Judge Kelly found sufficient in denying judgment as a matter of law. The *Briggs* employee adduced evidence of two comments, neither of which pertained to her age, one age-based comment, and a week of insults from the doctor for whom she worked.[161] Mr. Burgo adduced evidence a former Boulevard Autogroup employee witnessed Mr. Barbera direct age-based comments at Mr. Burgo with greater frequency than the supervisor in *Briggs*. Mr. Barbera's comments constituted more than offhanded remarks or isolated incidents. Mr. Barbera's frequent age-based remarks altered Mr. Burgo's conditions of employment by making Mr. Burgo fear Mr. Barbera would fire him.[162] Mr. Burgo adduced sufficient evidence for the jury to find he suffered regular and pervasive age-based discrimination.[163]

### iii. Mr. Burgo adduced sufficient evidence for the jury to find he subjectively took offense to Mr. Barbera's comments.

Boulevard Autogroup argues Mr. Burgo did not adduce evidence Mr. Barbera's comments subjectively offended Mr. Burgo because Mr. Burgo continued working at Boulevard Autogroup and did not complain about Mr. Barbera's comments to other Boulevard Autogroup employees or management.[164] Mr. Burgo counters he adduced evidence Mr. Barbera's comments

offended Mr. Burgo.[165] We find Mr. Burgo adduced sufficient evidence for the jury to conclude Mr. Barbera's comments caused Mr. Burgo subjective offense.

Our Court of Appeals requires an employee alleging an age-based hostile work environment claim to adduce evidence the discrimination "detrimentally affected the [employee]."[166] Whether the employee adduced evidence the discrimination detrimentally affected them is a "low hurdle to clear."[167] The employee need only adduce evidence they perceive their work environment is hostile or abusive.[168] The employee does not need to adduce evidence they suffered psychological harm.[169]

Mr. Burgo adduced sufficient evidence to support the jury's finding Mr. Barbera's age-based comments detrimentally affected Mr. Burgo. Mr. Burgo testified Mr. Barbera's comments before Mr. Burgo suffered the heart attack humiliated and offended Mr. Burgo.[170] Mr. Burgo testified Mr. Barbera's comments after Mr. Burgo suffered his heart attack embarrassed him.[171] Mr. Gutierrez testified Mr. Burgo appeared upset after Mr. Barbera directed age-based comments at Mr. Burgo.[172] Boulevard Autogroup did not adduce evidence countering Mr. Burgo's and Mr. Gutierrez's testimony Mr. Burgo registered offense to Mr. Barbera's comments.

Boulevard Autogroup's argument Mr. Barbera's comments did not detrimentally affect Mr. Burgo because Mr. Burgo did not leave his job at the dealership is unavailing. Boulevard Autogroup does not cite authority supporting the proposition an employee suffering a hostile work environment must leave their job to advance a hostile work environment claim.[173] Mr. Burgo adduced evidence he felt he could not leave his job at Boulevard Autogroup despite feeling offended by Mr. Barbera's comments because Mr. Burgo is his family's sole financial provider.[174]

Mr. Burgo adduced evidence sufficient for the jury to find Mr. Barbera's comments detrimentally affected Mr. Burgo. Mr. Burgo testified the comments humiliated and embarrassed him. Mr. Gutierrez testified he noticed Mr. Burgo felt offended by Mr. Barbera's comments. Boulevard Autogroup did not adduce evidence countering either strain of testimony.

### iv. Mr. Burgo adduced sufficient evidence for the jury to find Mr. Barbera's comments were objectively offensive.

Boulevard Autogroup argues Mr. Burgo did not adduce evidence Mr. Barbera's comments would offend a reasonable sixty-seven-year-old person because a Boulevard Autogroup employee older than Mr. Burgo did not complain about Mr. Barbera's age-based comments directed at her.[175] Mr. Burgo counters Boulevard Autogroup did not adduce evidence both younger and older employees suffered discriminatory comments from Mr. Barbera.[176] We find Mr. Burgo adduced sufficient evidence for the jury to conclude a reasonable person would find Mr. Barbera's age-based comments offensive.

Our Court of Appeals instructs an employee advancing an age-based hostile work environment must adduce evidence a reasonable person would find the complained-of conduct hostile or abusive.[177] The employee must adduce evidence the reasonable person in similar circumstances to the employee would find the conduct hostile or abusive.[178]

Mr. Burgo adduced sufficient evidence for the jury to conclude a reasonable person in his circumstances would find Mr. Barbera's age-based comments offensive. Mr. Burgo testified he endured Mr. Barbera's age-based comments seven to ten times per month before suffering his heart attack and with regularity following Mr. Burgo's heart attack.[179] Mr. Barbera directed age-based comments at Mr. Burgo privately in Mr. Burgo's office and publicly on the dealership's showroom floor and during meetings with other Boulevard Autogroup employees.[180] Former

Boulevard Autogroup Brian Gutierrez testified he would "probably do something drastic" if Mr. Barbera directed similarly frequent discriminatory comments at Mr. Gutierrez.[181]

Boulevard Autogroup argues Mr. Burgo did not adduce evidence sufficient for the jury to conclude a reasonable person in Mr. Burgo's position would be offended by Mr. Barbera's comments because an employee older than Mr. Burgo did not report age discrimination she suffered.[182] Boulevard Autogroup did not adduce evidence Mr. Barbera subjected the older employee to age-based comments, let alone with regularity or frequency. Boulevard Autogroup directs us to one line of Mr. Burgo's testimony at trial where Mr. Burgo describes Mr. Barbera's treatment of the older employee as "a disgrace."[183] We are left to wonder to what conduct Mr. Barbera subjected the older employee. Boulevard Autogroup attempts to prove a negative: Mr. Burgo did not adduce evidence a reasonable person would be offended by Mr. Barbera's age-based comments because an employee older than Mr. Burgo suffering undescribed treatment from Mr. Barbera did not report Mr. Barbera's treatment to other employees or Boulevard Autogroup's human resources department. We cannot find Mr. Burgo did not adduce sufficient evidence for his age-based hostile work environment claim on this basis. We find Mr. Burgo adduced sufficient evidence for the jury to conclude a reasonable person in Mr. Burgo's circumstances would find Mr. Barbera's age-based comments offensive.

We deny Boulevard Autogroup's Motion for judgment as a matter of law on Mr. Burgo's age-based hostile work environment claim. We deny Boulevard Autogroup's Motion for a new trial arguing Mr. Burgo adduced insufficient evidence to advance a hostile work environment claim.[184]

**B. Mr. Burgo adduced sufficient evidence to support the jury's compensatory damage award.**

Boulevard Autogroup argues Mr. Burgo did not adduce sufficient evidence to support the jury's compensatory damage award because Mr. Burgo "only vaguely testified" about feeling humiliated and offended by Mr. Barbera's age-based comments.[185] Mr. Burgo counters he adduced evidence Mr. Barbera's comments humiliated, offended, and made Mr. Burgo feel devalued, Mr. Barbera's comments made Mr. Burgo feel abused, and Mr. Barbera's comments caused Mr. Burgo to experience stress because the constant age-based insults prompted Mr. Burgo to worry Mr. Barbera would fire him.[186] We find Mr. Burgo adduced sufficient evidence of emotional distress to support the jury's $625,000.01 compensatory damage award.

Mr. Burgo must adduce evidence of "actual injury" to be entitled to a compensatory damage award.[187] Medical evidence or corroborating testimony are not "necessarily required in order to support an award of mental anguish damages."[188] Intangible injuries like sleeplessness, headaches, "and feelings of humiliation and embarrassment are sufficient to support an award of compensatory damages."[189] Our Court of Appeals has not ruled an employee's testimony is sufficient to support an award of emotional distress damages but our colleagues have found an employee's testimony sufficient to support a compensatory damage award.[190]

Mr. Burgo adduced sufficient evidence to support the jury's compensatory damage award and we decline to upset the jury's verdict. Mr. Burgo testified Mr. Barbera's age-based comments like "young people wanted [it] more" and "you can't teach an old dog new tricks" humiliated and offended him.[191] Mr. Burgo testified he felt embarrassed after Mr. Barbera increased the frequency and regularity of age-based comments.[192] Mr. Burgo testified he endured Mr. Barbera's offensive comments because Mr. Burgo is the sole provider for his family.[193] Mr. Burgo testified his exchange with Mr. Barbera at the June 22, 2020 meeting made Mr. Burgo feel

like a "beaten down dog."[194] The June 22, 2020 meeting amounted to Mr. Barbera "embarrass[ing] [Mr. Burgo] in front of the whole company."[195]

This testimony supports the jury's compensatory damage award. The jury heard Mr. Burgo's testimony on both direct and cross-examination. The jury weighed the evidence and found Mr. Burgo credible. Boulevard Autogroup did not present evidence contradicting Mr. Burgo. An award of $625,000.01 does not shock the judicial conscience nor is it unsupported by evidence. We deny Boulevard Autogroup's Motion for judgment as a matter of law as to compensatory damages.

### C.  We deny Boulevard Autogroup's Motion for a new trial because Mr. Burgo adduced evidence sufficient for the jury to conclude Mr. Barbera acted as either Boulevard Autogroup's proxy or supervisor.

Boulevard Autogroup argues it is entitled to a new trial because Mr. Burgo did not adduce sufficient evidence Mr. Barbera operated as Boulevard Autogroup's proxy or as Mr. Burgo's immediate supervisor.[196] Boulevard Autogroup argues Mr. Burgo only adduced evidence Mr. Barbera operated as Boulevard Autogroup's marketing head and did not supervise Mr. Burgo as Boulevard Autogroup's general manager.[197] Mr. Burgo counters he adduced sufficient evidence for the jury to find Mr. Barbera operated as either Boulevard Autogroup's proxy or Mr. Burgo's supervisor.[198] Mr. Burgo argues he adduced evidence: (1) Mr. Barbera swore he is an owner of Boulevard Autogroup; (2) Mr. Barbera testified he served as the president of Boulevard Autogroup's marketing and charitable arms; (3) Mr. Barbera testified he is the "face" of the dealership; (4) Mr. Barbera testified he had the authority to hire and fire Boulevard Autogroup employees; and (5) Mr. Barbera swore he directly supervised Mr. Burgo.[199] We deny Boulevard Autogroup a new trial and find Mr. Burgo adduced sufficient

evidence for the jury to conclude Mr. Barbera operated as either Boulevard Autogroup's proxy or Mr. Burgo's supervisor.

Our Supreme Court through Federal Rule of Civil Procedure 59 permits parties to move for a new trial.[200] But our Supreme Court through Rule 59 does not provide specific grounds for which we can grant a new trial and instead leaves the decision to our discretion.[201] We may grant a new trial where the jury's verdict is "against the weight of the evidence."[202] Our Court of Appeals cautions we should grant a new trial only where "the great weight of the evidence cuts against the verdict and . . . a miscarriage of justice would result if the verdict were to stand."[203] We must be mindful to not "substitute [our] judgment of the facts and the credibility of the witnesses for that of the jury."[204]

Our Court of Appeals defines proxy as someone "high enough in the management hierarchy that his actions 'speak' for the employer . . . he may be considered the employer's alter ego."[205] Our Court of Appeals noted an employer's corporate vice president "second in command only to the president" could be an employer's proxy.[206] Our Supreme Court held an employee's supervisor constitutes "those employees with the authority to make tangible employment decisions" like hiring and firing.[207]

We find the jury's conclusion Mr. Barbera is either Boulevard Autogroup's proxy or Mr. Burgo's supervisor is not against the great weight of the evidence. Mr. Burgo adduced evidence Mr. Barbera swore he is an owner of Boulevard Autogroup.[208] Mr. Burgo adduced evidence Boulevard Autogroup's payroll sheets listed Gary Barbera as Boulevard Autogroup's president.[209] Both of these roles are higher on the corporate hierarchy than the corporate vice president our Court of Appeals held as an employer's proxy.[210] Mr. Burgo adduced evidence Mr. Barbera swore he served as Mr. Burgo's immediate supervisor.[211] Mr. Burgo adduced evidence

Mr. Barbera swore and Boulevard Autogroup held him out as either its proxy or Mr. Burgo's supervisor. The weight of the evidence leans more toward supporting a jury conclusion Mr. Barbera operated as either Boulevard Autogroup's proxy or Mr. Burgo's supervisor than it does a jury conclusion to the contrary. We cannot find the jury's conclusion Mr. Barbera served as either Boulevard Autogroup's proxy or Mr. Burgo's supervisor is against the great weight of the evidence.

Mr. Burgo also adduced less direct evidence indicating Mr. Barbera operated in an outsized role at Boulevard Autogroup. Mr. Barbera described himself as the face of Boulevard Autogroup.[212] Mr. Barbera testified he ran both Boulevard Autogroup's charitable and marketing arms.[213] Mr. Barbera testified he possesses hiring and firing authority at Boulevard Autogroup.[214] The jury heard evidence Mr. Barbera supervised employees and could fire employees. The jury reviewed documents sworn under penalty of perjury Mr. Barbera is Boulevard Autogroup's owner and President. We cannot grant Boulevard Autogroup a new trial because the great weight of the evidence adduced at trial tends to prove the facts he now disputes. We find Mr. Burgo adduced evidence sufficient for the jury to find Mr. Barbera operated as either Boulevard Autogroup's proxy or Mr. Barbera's supervisor.

> **D. We deny Boulevard Autogroup's Motion for a new trial because Boulevard Autogroup did not object to our jury verdict sheet during the charging conference and instead requested the jury verdict sheet language it now challenges.**

Boulevard Autogroup argues it is entitled to a new trial because the verdict sheet did not distinguish between a supervisor and proxy preventing the jury from considering the *Faragher/Ellerth* defense.[215] Boulevard Autogroup does not challenge the jury instruction and notes we properly instructed the jury on proxy and supervisory liability.[216] Mr. Burgo counters Boulevard Autogroup is not entitled to a new trial because Boulevard Autogroup waived a

challenge to the verdict sheet by instead repeatedly requesting the jury interrogatory conflating the supervisor and proxy roles Boulevard Autogroup now challenges.[217] We deny Boulevard Autogroup a new trial and find Boulevard Autogroup waived a challenge to the verdict sheet.

A party waives a challenge to the proposed verdict sheet by failing to object to the verdict sheet during the charging conference, when the jury receives the proposed verdict sheet, or when the jury returns its verdict.[218] Our colleagues have found a party's failure to object to the verdict sheet prevents the party from challenging the verdict sheet in a motion for a new trial.[219]

We find Boulevard Autogroup waived its challenge to the verdict sheet by not objecting to the verdict sheet during the charging conference. Counsel for Mr. Burgo, not counsel for Boulevard Autogroup, raised concerns about including a jury interrogatory in the verdict sheet conflating proxy and supervisor roles.[220] Counsel for Mr. Burgo correctly noted Boulevard Autogroup could assert the *Faragher*/*Ellerth* defense if the jury found Mr. Barbera operated as Mr. Burgo's supervisor, but Boulevard Autogroup could not assert the *Faragher*/*Ellerth* defense if the jury found Mr. Barbera operated as Boulevard Autogroup's proxy.[221]

Counsel for Boulevard Autogroup disagreed and requested one jury interrogatory in the verdict sheet asking the jury whether Mr. Burgo proved Gary Barbera is a proxy *or* supervisor for Boulevard Autogroup.[222] Counsel for Boulevard Autogroup several times incorrectly argued Boulevard Autogroup could not assert the *Faragher*/*Ellerth* if the jury found Mr. Barbera operated as *either* Boulevard Autogroup's proxy *or* Mr. Burgo's supervisor.[223] Boulevard Autogroup not only failed to object to the verdict sheet but it requested the very change it now challenges.

Boulevard Autogroup waived the opportunity to challenge the verdict sheet. We deny Boulevard Autogroup a new trial as Boulevard Autogroup waived its challenge to the jury verdict sheet.

### E.  We deny Boulevard Autogroup's Motion for a remittitur.

Boulevard Autogroup argues we should order a remittitur because Mr. Burgo did not adduce evidence of significant emotional harm.[224] Mr. Burgo counters he adduced sufficient and compelling evidence to support the jury's award.[225] We deny Boulevard Autogroup's Motion for a remittitur because the jury's verdict is not unreasonable considering the adduced evidence.

Our Court of Appeals instructs remittitur is a "device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive."[226] We can only order remittitur where the jury's compensatory damage award is "unreasonable on the facts" the jury considered.[227]

The jury's $625,000.01 compensatory damage award is not unreasonable considering the evidence adduced. Mr. Burgo adduced significant evidence of enduring regularly-lobbed age-based insults. Mr. Burgo adduced evidence concerning the negative effects these insults had on Mr. Burgo's emotional state. We deny Boulevard Autogroup's Motion for denial of a new trial on the condition of remittitur.

## IV.    Conclusion

The parties argue in their post-trial briefing the same facts they adduced and then artfully argued to the jury.  The parties vigorously disputed the effect of Gary Barbera's repeated age-related comments.  The jury believed Mr. Burgo; it apparently did not believe Mr. Barbera.  And so it is with trial.  We also cannot reverse Boulevard Autogroup's experienced counsel's repeated arguments for a jury interrogatory which Mr. Burgo opposed and we questioned at

several points.  Boulevard Autogroup's counsel chose to demand one jury interrogatory.  It cannot now claim harm from its insistence.

We deny Boulevard Autogroup's Motion for judgment as a matter of law or motion for new trial.  We deny its request for remittitur.

---

[1] N.T. 4/11/2024 at 70:18–20.

[2] *Id.* at 72:14–73:7. The dealership with which Gary Barbera is affiliated is now called Boulevard Autogroup, LLC. N.T. 4/12/2024 at 57:14–23.

[3] N.T. 4/11/2024 at 73:23–25.

[4] *Id.* at 74:14–19.

[5] *Id.* at 74:11–13.

[6] *Id.* at 91:22–92:10.

[7] *Id.* at 91:18–21.

[8] *Id.* at 92:12–22.

[9] N.T. 4/12/2024 at 153:12–155:15.

[10] *Id.* at 215:18–21.

[11] *Id.* at 215:22–25.

[12] *Id.* at 216:12–25; *id.* at 166:25–167:9 ("Cancer. Trash cans. Culture Club. That's my thing. That's why you say I'm the face; because yeah, I am Gary Barbera, which is the face.").

[13] *Id.* at 165:10–22.

[14] *Id.* at 171:2–12.

[15] *Id.* at 12:18–13:1.

[16] *Id.* at 45:7–24.

[17] *Id.* at 47:1–4.

[18] N.T. 4/11/2024 at 78:13–79:9.

[19] *Id.* at 78:13–79:7.

[20] *Id.* at 91:22–92:1.

[21] N.T. 4/12/2024 at 221:19–25.

[22] N.T. 4/11/2024 at 119:22–120:6.

[23] *Id.* at 120:16–122:6.

[24] *Id.* at 122:11–123:6.

[25] *Id.* at 123:10–16.

[26] *Id.* at 124:7–9.

[27] *Id.* at 82:19–83:8.

[28] *Id.* at 86:14–17.

[29] *Id.* at 86:18–87:2.

[30] *Id.* at 88:16–89:2.

[31] N.T. 4/12/2024 at 171:18–172:1.

[32] N.T. 4/11/2024 at 112:15–19.

[33] *Id.* at 112:22–113:7.

[34] *Id.*

[35] *Id.*

[36] *Id.* at 113:8–12.

[37] *Id.* at 113:8–15.

[38] *Id.* at 112:22–113:7.

[39] *Id.* at 117:19–118:6.

[40] *Id.* at 114:23–24.

[41] *Id.* at 115:6–16.

[42] *Id.* at 115:17–116:5.

[43] *Id.*

[44] *Id.* at 116:8–12.

[45] *Id.* at 116:13–117:4.

[46] *Id.* at 115:17–117:18.

[47] *Id.* at 117:19–118:6.

[48] N.T. 4/12/2024 at 198:18–21.

[49] *Id.* at 199:24–200:4 ("In certain things, Michael [Burgo] is definitely a dinosaur. Yes.").

[50] N.T. 4/11/2024 at 118:12–18.

[51] *Id.* at 118:19–25.

[52] *Id.* at 119:1–2.

[53] N.T. 4/12/2024 at 14:23–15:8.

[54] N.T. 4/11/2024 at 130:1–13.

[55] *Id.* at 134:25–135:24.

[56] *Id.* at 136:23–137:6 ("And I make a lot of notes, and I was writing some notes on that particular day, and Gary was taunting me about how, you know, I have to write notes down, and I still can't remember. And his big thing was, he'd scream at me, you know, 'You've got to know, you've got to know,' he would scream at me.").

[57] *Id.* at 137:19–138:17.

[58] *Id.* at 139:3–23.

[59] *Id.* at 139:24–140:23.

[60] *Id.* ("And that's not the only time he did it[.]").

[61] *Id.* at 141:17–142:5.

---

[62] *Id.* at 142:6–143:3.

[63] *Id.*

[64] *Id.* at 143:10–145:5.

[65] *Id.*; N.T. 4/12/2024 at 175:14–16.

[66] N.T. 4/11/2024 at 143:10–145:5.

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* Mr. Burgo estimated Steve is "six [foot] five[inches], about 275 pounds." *Id.*

[71] *Id.*

[72] *Id.*

[73] N.T. 4/12/2024 at 176:20–25.

[74] N.T. 4/11/2024 at 143:10–145:18.

[75] N.T. 4/12/2024 at 184:4–8.

[76] N.T. 4/11/2024 at 146:3–15.

[77] *Id.*

[78] *Id.* at 145:21–146:2.

[79] *Id.* at 145:6–18.

[80] Boulevard Autogroup's controller testified he read Gary Barbera's deposition and became aware Mr. Barbera called Mr. Burgo a "dinosaur." N.T. 4/15/2024 at 89:20–90:1.

[81] ECF No. 105-2 at 7 (N.T. Gutierrez at 31:6–9).

[82] *Id.* at 9 (N.T. Gutierrez at 67:4–18).

[83] *Id.* at 10–11 (N.T. Gutierrez at 69:12–70:12).

---

[84] *Id.* at 11 (N.T. Gutierrez at 70:14–23).

[85] *Id.* at 14 (N.T. Gutierrez at 75:21–76:01).

[86] *Id.* at 14 (N.T. Gutierrez at 76:11–76:20).

[87] *Id.* at 14–15 (N.T. Gutierrez at 78:05–79:07).

[88] *Id.* at 9 (N.T. Gutierrez at 68:3–10); *Id.* at 12 (N.T. Gutierrez at 72:09–18) ("[T]owards the month before [Mr. Burgo] left, you know, I felt, like, there was some sort of tension building and it got worse and worse on a weekly basis.").

[89] *Id.* at 9–10 (N.T. Gutierrez at 68:11–69:09) (Brian Gutierrez: "[Mr. Burgo] never came off to me as somebody that would react like in a crazy way and, you know, try to start a whole big fight about it. But you could tell, like, you know, regardless of how many things you could have the strongest heart, the strongest head, you can definitely tell just by a person's expression how they would feel, you know. That's like, you know, there's only so much that a person could take before they actually snap and, you know, get upset over it.").

[90] *Id.* at 9–10 (N.T. Gutierrez at 68:11–69:11).

[91] N.T. 4/15/2024 at 3:4–41:21.

[92] *Id.* at 13:13–14:2.

[93] *Id.*

[94] *Id.* at 23:19–22 (Attorney Chalal: "The affirmative defense can only come in if Barbera is determined not to be the proxy or supervisor. If he is the proxy or supervisor, [Boulevard Autogroup] [does not] get the affirmative defense.").

[95] *Id.* at 28:18–23 (The Court: "I can't say proxy or supervisor. [Counsel for Boulevard Autogroup] know[s] I can't. [Counsel for Boulevard Autogroup would] lose the defense . . . you have to break out supervisor and proxy under *O'Brien*.").

[96] *Id.* at 29:3–4 (Attorney Chalal: "No, no, no, I mean if [Mr. Barbera's] a proxy or a supervisor, [Boulevard Autogroup] lose[s] the [*Faragher/Ellerth*] defense.").

[97] *Id.* at 30:7–9, 30:11–12 (Attorney Chalal: "If [the jury] find[s] that [Mr. Barbera's] a proxy, we don't get the affirmative defense. If [the jury] find[s] [Mr. Barbera's] a supervisor, we don't get the affirmative defense.").

[98] *Id.* at 30:16–17.

[99] *Id.* at 30:19.

[100] *Id.* at 30:24–25.

[101] *See id.* at 31:5 (Attorney Chalal: "That's what the law says.").

[102] *Id.* at 31:25–32:2.

[103] *Id.* at 32:5.

[104] ECF No. 104-2 at 10–20.

[105] *Id.* at 20–23.

[106] *Id.*

[107] ECF No. 105 at 7–17.

[108] *Id.* at 17–20.

[109] *Id.* at 20–30.

[110] *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).

[111] *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009).

[112] *Lightning Lube, Inc.*, 4 F.3d at 1166.

[113] *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 433 (3d Cir. 2009) (quoting *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 300 (3d Cir. 2007)).

[114] *Briggs v. Temple Univ.*, 339 F. Supp. 3d 466, 503 (E.D. Pa. 2018).

[115] ECF No. 104-2 at 10–20.

[116] *Id.* at 11–13.

[117] *Id.* at 13–14.

[118] *Id.* at 14–18.

[119] *Id.* at 18–20.

[120] ECF No. 105 at 9–13.

[121] *Id.*

[122] *Id.*

[123] *Id.* at 16–17.

[124] *Id.* at 17.

[125] ECF No. 104-2 at 11–12.

[126] *Id.* at 12.

[127] ECF No. 105 at 9.

[128] *Culler v. Sec'y of U.S. Veterans Affs.*, 507 F. App'x 246, 249 (3d Cir. 2012).

[129] N.T. 4/11/2024 at 112:22–113:7.

[130] N.T. 4/12/2024 at 199:24–200:4 ("In certain things, Michael [Burgo] is definitely a dinosaur. Yes.").

[131] N.T. 4/11/2024 at 142:6–143:3.

[132] *Id.* at 142:6–143:3.

[133] *Id.* at 115:17–116:5.

[134] *Id.*

[135] *Id.* at 116:13–117:4.

[136] ECF No. 104-2 at 14.

[137] *Id.* at 15.

[138] ECF No. 105 at 11.

[139] *Id.* at 10.

[140] *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 214 (3d Cir. 2017).

[141] *Id.*

[142] *Id.* at 215 (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001)).

[143] *Briggs*, 339 F. Supp. 3d at 503 (E.D. Pa. 2018).

[144] *Id.* at 505.

[145] *Id.*

[146] *Id.*

[147] *See id.*

[148] *Id.*

[149] *Id.*

[150] *Id.* at 505.

[151] *Id.*

[152] N.T. 4/11/2024 at 112:22–113:7.

[153] *Id.* at 113:8–15.

[154] *Id.* at 112:22–113:7.

[155] *Id.* at 116:8–12.

[156] *Id.*

[157] *Id.* at 115:17–117:18.

[158] *Id.* at 141:17–142:5.

[159] ECF No. 105-2 at 11 (N.T. Gutierrez at 70:14–23); *Id.* at 14 (N.T. Gutierrez at 75:21–76:01); *Id.* at 14 (N.T. Gutierrez at 76:11–76:20).

[160] N.T. 4/12/2024 at 14:23–15:8.

[161] *Briggs*, 339 F. Supp. 3d at 504.

[162] N.T. 4/12/2024 at 14:23–15:8.

[163] Mr. Burgo need only adduce evidence sufficient for the jury to find he suffered pervasive age-based discrimination. Our Court of Appeals considers the severe or pervasive standard in the disjunctive. *Moody*, 870 F.3d at 214. But Mr. Burgo adduced evidence Mr. Barbera's comments interfered with Mr. Burgo's work performance and constituted physically intimidating conduct which humiliated Mr. Burgo sufficient for the jury to find Mr. Burgo suffered severe age-based

discrimination. Mr. Burgo adduced evidence Mr. Barbera's regularly directing age-based insults at Mr. Burgo made Mr. Burgo fear for his job. N.T. 4/12/2024 at 14:23–15:8. Mr. Burgo adduced evidence Mr. Barbera screamed at Mr. Burgo to hang up the telephone during a client call more than once. N.T. 4/11/2024 at 139:24–140:23. Mr. Burgo adduced evidence Mr. Barbera's comments humiliated and embarrassed him. *Id.* at 115:17–116:5; *Id.* at 113:8–15.

[164] ECF No. 104-2 at 18.

[165] ECF No. 105 at 16.

[166] *Moody*, 870 F.3d at 213 (3d Cir. 2017).

[167] *Prioli v. Cnty. of Ocean*, No. 18-256, 2021 WL 4473159, at *15 (D.N.J. Sept. 30, 2021).

[168] *Id.*

[169] *Id.*

[170] N.T. 4/11/2024 at 113:8–15.

[171] *Id.* at 115:17–116:5.

[172] ECF No. 105-2 at 9–10 (N.T. Gutierrez at 68:11–69:09) (Brian Gutierrez: "[Mr. Burgo] never came off to me as somebody that would react like in a crazy way and, you know, try to start a whole big fight about it. But you could tell, like, you know, regardless of how many things you could have the strongest heart, the strongest head, you can definitely tell just by a person's expression how they would feel, you know. That's like, you know, there's only so much that a person could take before they actually snap and, you know, get upset over it.").

[173] *See* ECF No. 104-2.

[174] N.T. 4/11/2024 at 117:19–118:6.

[175] ECF No. 104-2 at 18.

[176] ECF No. 105 at 17.

[177] *Wright v. Providence Care Ctr.*, LLC, 822 F. App'x 85, 96 (3d Cir. 2020).

[178] *Briggs*, 339 F. Supp. 3d at 505.

[179] N.T. 4/11/2024 at 113:8–12; N.T. 4/11/2024 at 116:8–12.

[180] *Id.* at 115:17–117:18.

[181] ECF No. 105-2 at 9–10 (N.T. Gutierrez at 68:11–69:11).

[182] ECF No. 104-2 at 18.

[183] *Id.* (quoting N.T. 4/12/2024 at 64:4–6).

[184] Boulevard Autogroup's Motion for a new trial on Mr. Burgo's age-based hostile work environment arguing Mr. Burgo adduced insufficient evidence is identical to Boulevard Autogroup's Motion for judgment as a matter of law. ECF No. 104-2 at 21 ("Applying these standards, if the Court does not enter judgment as a matter of law, a new trial is warranted in this case because there was insufficient evidence for the jury to conclude that Mr. Burgo was subjected to a hostile work environment as defined by law for the reasons set forth above in Section A.").

[185] ECF No. 104-2 at 20.

[186] ECF No. 105 at 22–25.

[187] *Briggs*, 339 F. Supp. 3d at 518.

[188] *Id.* (citation omitted).

[189] *Id.* (citation omitted).

[190] *Williams v. Care*, No. 14-6347, 2016 WL 4478810, at *5 (E.D. Pa. Aug. 25, 2016) ("Plaintiff may support an award for emotional distress based solely on her own testimony."); *Holt v. Pennsylvania*, No. 10-5510, 2015 WL 4944032, at *28 (E.D. Pa. Aug. 19, 2015), *aff'd in part, rev'd in part and remanded*, 683 F. App'x 151 (3d Cir. 2017) ("Moreover, while the Third Circuit has yet to expressly rule on whether a plaintiff's own testimony is sufficient to support an award of emotional damages . . . the weight of authority holds that a plaintiff's own testimony alone is generally sufficient to support some award of emotional damages."); *Jeckell v. Crestwood Area Sch. Dist.*, No. 04-1135, 2008 WL 4372797, at *6 (M.D. Pa. Sept. 18, 2008).

[191] N.T. 4/11/2024 at 112:22–113:12.

[192] *Id.* at 115:17–116:5.

[193] *Id.* at 117:19–118:6.

[194] *Id.* at 145:21–146:2.

[195] *Id.* at 145:6–18.

[196] ECF No. 104-2 at 20–22.

[197] *Id.* at 22.

[198] ECF No. 105 at 19.

[199] *Id.* at 20.

[200] Fed. R. Civ. P. 59.

[201] *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992).

[202] *Snider v. Sterling Airways, Inc.*, No. 13-2949, 2017 WL 3873540, at *2 (E.D. Pa. Sept. 5, 2017).

[203] *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016) (quoting *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006)).

[204] *Id.*

[205] *O'Brien v. Middle E. F.*, 57 F.4th 110, 121 (3d Cir. 2023) (quotations omitted).

[206] *Id.*

[207] *Vance v. Ball State Univ.*, 570 U.S. 421, 432 (2013).

[208] N.T. 4/12/2024 at 153:12–155:15.

[209] N.T. 4/11/2024 at 91:18–21.

[210] *O'Brien*, 57 F.4th at 121.

[211] N.T. 4/12/2024 at 171:18–172:1.

[212] N.T. 4/12/2024 at 216:12–25; *id.* at 166:25–167:9 ("Cancer. Trash cans. Culture Club. That's my thing. That's why you say I'm the face; because yeah, I am Gary Barbera, which is the face.").

[213] *Id.* at 215:18–25.

[214] *Id.* at 165:10–22.

[215] ECF No. 104-2 at 22–23. The *Faragher/Ellerth* defense comes from our Supreme Court's decisions *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). The defense allows an employer to avoid liability if the employer proves it (a) "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any

preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807. An employer can assert an affirmative defense against an employee's hostile work environment where the employee's supervisor creates a hostile work environment not resulting in a tangible employment action against the employee. *Id.* Our Court of Appeals foreclosed employers from asserting the *Faragher/Ellerth* defense where the individual subjecting the employee to a hostile work environment is determined to be the employer's proxy. *O'Brien*, 57 F.4th at 120.

Boulevard Autogroup could have asserted the *Faragher/Ellerth* affirmative defense if the jury found Mr. Barbera operated as Mr. Burgo's supervisor, and not Boulevard Autogroup's proxy. *See* ECF No. 92 at 1 (concluding Mr. Burgo did not prove Boulevard Autogroup fired him). Boulevard Autogroup could not assert the *Faragher/Ellerth* affirmative defense if the jury found Mr. Barbera operated as Boulevard Autogroup's proxy.

[216] ECF No. 104-2 at 22–23.

[217] ECF No. 105 at 18–19.

[218] *Inter Med. Supplies, Ltd. v. EBI Med. Sys., Inc.*, 181 F.3d 446, 463 (3d Cir. 1999).

[219] *Young v. Pleasant Valley Sch. Dist.*, No. 07-854, 2012 WL 1827194, at *24 (M.D. Pa. May 18, 2012), *aff'd*, 601 F. App'x 132 (3d Cir. 2015); *Rumanek v. Indep. Sch. Mgmt., Inc.*, No. 12-759, 2014 WL 2531524, at *4 (D. Del. May 30, 2014).

[220] N.T. 4/15/2024 at 13:13–14:2; *Id.* at 30:16–17.

[221] *Id.* at 13:13–14:2.

[222] *Id.* at 30:19.

[223] *Id.* at 23:19–22 (Attorney Chalal: "The affirmative defense can only come in if Barbera is determined not to be the proxy or supervisor. If he is the proxy or supervisor, [Boulevard Autogroup] [does not] get the affirmative defense."); *Id.* at 29:3–4 (Attorney Chalal: "No, no, no, I mean if [Mr. Barbera's] a proxy or a supervisor, [Boulevard Autogroup] lose[s] the [*Faragher/Ellerth*] defense."); *Id.* at 30:7–9, 30:11–12 (Attorney Chalal: "If [the jury] find[s] that [Mr. Barbera's] a proxy, we don't get the affirmative defense. If [the jury] find[s] [Mr. Barbera's] a supervisor, we don't get the affirmative defense.")

[224] ECF No. 104-2 at 23–25.

[225] ECF No. 105 at 22–30.

[226] *Cortez v. Trans Union, LLC*, 617 F.3d 688, 715 (3d Cir. 2010) (citations omitted).

[227] *Id.* at 716 (citations omitted).